NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 21-1623
_____

JAIME HERIBERTO AYALA RAMIREZ,
Petitioner,

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review of a Final Order of Removal
By the Board of Immigration Appeals
Case No. A094-829-422

_____

Submitted January 28, 2022

Before: HARDIMAN, SHWARTZ, and SMITH, *Circuit Judges*

(Filed: February 14, 2022)

_____

OPINION*

_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SMITH, *Circuit Judge*.

Jaime Heriberto Ayala Ramirez petitions this Court for review of the Board of Immigration Appeals' ("BIA's") order dismissing his appeal from the Immigration Judge's ("IJ's") denial of his application for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. Ayala Ramirez asserts that the IJ and BIA erred by failing to apply a presumption of future persecution and "disregarding the plain evidence of 'acquiescence' to torture." Petitioner's Br. at 27. Ayala Ramirez also argues that his due-process rights were violated by the IJ and BIA. We will deny Ayala Ramirez's petition for review.[1]

I.

Ayala Ramirez witnessed an El Salvadoran gang murder his uncle in 2001. Shortly thereafter, members of that gang began to threaten Ayala Ramirez with severe bodily harm if he were to tell anybody what he witnessed. Fearing the gang, Ayala Ramirez moved to another town where he started saving money to travel to the United States. He was never

---

[1] This Court has jurisdiction to review final orders of removal from the BIA. 8 U.S.C. § 1252(a). The BIA's legal conclusions are reviewed *de novo*, but factual determinations are treated as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* § 1252(b)(4)(B); *Smriko v. Ashcroft*, 387 F.3d 279, 282 (3d Cir. 2004). When the BIA substantially relies on an IJ decision, this Court may also review the IJ decision. *Camara v. Att'y Gen.*, 580 F.3d 196, 201 (3d Cir. 2009). Here, the BIA wholly adopted the IJ decision. This Court will thus look to both the BIA opinion and the IJ decision where appropriate.

harmed in El Salvador, but other members of his family were.  In 2002, Ayala Ramirez entered the United States.

The Department of Homeland Security initiated removal proceedings in 2019.  In 2020, Ayala Ramirez filed applications for asylum, withholding of removal, and CAT protection.  The IJ denied all relief.  Specifically, the IJ determined that: Ayala Ramirez's asylum claim was time-barred; Ayala Ramirez failed to establish that he has suffered or will suffer persecution on account of any protected ground; the threats against Ayala Ramirez, "even when taken cumulatively, would [not] rise to the level of torture"; and even if those threats did amount to torture, the El Salvadoran government would not have consented to or acquiesced in said torture.  Ayala Ramirez timely appealed to the BIA, which adopted the IJ's decision and dismissed his appeal in 2021.

This petition for review followed.

## II.

Ayala Ramirez first argues that he should be granted withholding of removal because it is more likely than not that he will be persecuted on account of a protected ground.  Subject to exceptions not relevant here, the Attorney General is statutorily prohibited from removing an alien to a country where his "life or freedom would be threatened in that country because of [his] race, religion, nationality, membership in a particular social group, or political opinion."  8 U.S.C. § 1231(b)(3)(A).  Ayala Ramirez bears the burden of showing that it is more likely than not that he has been or would be persecuted upon removal and that "one central reason" for that persecution is covered by

3

the protected grounds. *Thayalan v. Att'y Gen.*, 997 F.3d 132, 138 (3d Cir. 2021). If Ayala Ramirez can establish that it is more likely than not that he was persecuted on account of a protected ground in the past, then he is entitled to a "rebuttable presumption that he would more likely than not be persecuted if removed." *Id.* (citing *Kaita v. Att'y Gen.*, 522 F.3d 288, 296 (3d Cir. 2008)).

Ayala Ramirez claimed protection on grounds of his anti-gang political opinion and his membership in the following social groups: El Salvadoran males; El Salvadorans who witness gang murders; people with family members who actively oppose the gang; El Salvadorans who the gang assumes have "snitched"; and El Salvadorans detained in the United States and recognized by deported gang members. The IJ found that, though the threats Ayala Ramirez received rose to the level of harm necessary to support past persecution, each of the claimed categories was either not a protected ground or not a central motivator for the threatening parties, or both.

Before this Court, Ayala Ramirez asserts that he was entitled to a presumption of future persecution despite an explicit rejection of his claim that he has suffered past persecution on account of a protected ground. Ayala Ramirez seemingly attempts to argue that the IJ erred by finding a lack of past persecution, but to that end states only that "family" can be a protected ground. In doing so, Ayala Ramirez ignores the IJ's factual finding that he "failed to demonstrate the gang members threatened him on account of . . . any family member's opposition to the gang." B.I.A. Op. at 3; I.J. Dec. at 9–10. Without establishing past persecution on account of a protected ground, Ayala Ramirez is not

4

entitled to a presumption of future persecution. *Thayalan*, 997 F.3d at 138. Ayala Ramirez's first argument thus fails.

### III.

Ayala Ramirez next argues that being removed to El Salvador would result in his torture and that he should thus be granted withholding of removal under the CAT. To receive CAT protection, Ayala Ramirez has to show both what is likely to happen to him if removed and that such treatment meets the legal definition of torture. *Kaplun v. Att'y Gen.*, 602 F.3d 260, 271 (3d Cir. 2010). Torturous acts are those that cause "severe pain or suffering, whether physical or mental," and are "intentionally inflicted on a person" for certain illicit purposes "by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity." 8 C.F.R. 1208.18(a)(1); *see also Myrie v. Att'y Gen.*, 855 F.3d 509, 515 (3d Cir. 2017).

Ayala Ramirez, assuming he has established that he is likely to be killed if removed to El Salvador, argues here that the IJ erred by failing to find El Salvadoran acquiescence. But the IJ, as a matter of fact, was "not convinced" that any gang members or anyone else would target Ayala Ramirez. I.J. Dec. at 12. Further, the IJ noted that the threats, "even when taken cumulatively," would not rise to the level of torture. *Id.* There is substantial evidence for this conclusion. So regardless of whether Ayala Ramirez's arguments regarding acquiescence are meritorious, the test has not been met. Accordingly, Ayala Ramirez's CAT argument fails.

IV.

Ayala Ramirez finally argues that he was deprived of due process under the law because the IJ and BIA relied on an opinion that was subsequently vacated by the Attorney General.[2] But the now-vacated opinion was not the only authority cited for the premise that standard criminal acts do not inherently constitute persecution on account of a protected ground. Rather, the BIA primarily relied on this Court's decision in *Ndayshimiye v. Att'y Gen.*, 557 F.3d 124, 129 (3d Cir. 2009). By itself, that case sufficiently supports the BIA's explanation that there must be a nexus between the protected ground and the acts underpinning the claimed persecution. *Id.* So, Ayala Ramirez's due-process argument also fails.

V.

For the above reasons, we will deny the petition for review.

---

[2] *See In re A-B-*, 28 I. & N. Dec. 307, 309 (A.G. June 16, 2021), *vacating* 28 I. & N. Dec. 199 (A.G. Jan. 14, 2021). The Court ordered supplemental briefing on whether to remand this case to the BIA in light of intervening changes in law. In that supplemental briefing, Ayala Ramirez recycled, largely verbatim, his due-process arguments. We thus consider whether to remand for change of law in our due-process analysis.